District Judge James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEA SHEPHERD LEGAL,

              Plaintiff,

v.

NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, *et al.*,

              Defendants.

Case No. C20-1412 JLR

STIPULATED MOTION AND ORDER FOR RELIEF FROM 26(F) CONFERENCE, INITIAL DISCLOSURES, AND JOINT STATUS REPORT

Noted for Consideration:
November 23, 2020

    Plaintiff SEA SHEPHERD LEGAL ("SSL") filed the above-captioned lawsuit under the Freedom of Information Act ("FOIA") against Defendants NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION ("NOAA") and NATIONAL MARINE FISHERIES SERVICES ("NMFS"), seeking disclosure of certain documents. *Sea Shepherd Legal v. NOAA, et al.*, 19-cv-463-JLR is a related case before the Court.

    For the reasons stated below, the parties respectfully request that the Court vacate the Rule 26 deadlines (Dkt. No. 15), and instead allow the parties to submit a joint status report within the next 60 days.

    The ultimate issue in a FOIA action is whether the agency in question has "improperly" withheld agency records. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters*

*Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  This is typically a question of law for the Court, rather than a question of fact, and thus, "'[s]ummary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.'"  *Shannahan v. I.R.S.*, 637 F. Supp. 2d 902, 912 (W.D. Wash. 2009) (quoting *Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 893 (C.D. Cal. 2006)).  The parties agree that the initial disclosure requirements of Rule 26(a)(1) and the requirements of Rule 26(f), requiring the parties to prepare a discovery plan, are not appropriate in this case at this time, as the litigation is unlikely to lead to trial, and very possibly not discovery.  That being said, SSL reserves the right to request discovery should evidence of bad faith or other grounds for discovery emerge.

The parties intend to work cooperatively in an attempt to resolve this litigation without motion practice.  Defendants intend to produce the requested documents and will discuss a production schedule with SSL's counsel.  If at any time in the next 60 days it becomes apparent that resolution between the parties is not feasible, the parties will submit a joint briefing schedule to the Court.

**SO STIPULATED**.

Dated this 23rd day of November 2020.

*s/    Brett W. Sommermeyer*
BRETT W. SOMMERMEYER, WSBA # 30003

*s/    Catherine E. Pruett*
CATHERINE E. PRUETT, WA BAR # 35140

SEA SHEPHERD LEGAL
2226 Eastlake Avenue East, No. 108
Seattle, WA  98102
Phone: (206) 504-1600
Email: brett@seashepherdlegal.org
Email: catherine@seashepherdlegal.org

*Attorneys for Plaintiff*

**SO STIPULATED**.

Dated this 23rd day of November 2019.

     *s/ Michelle R. Lambert*
     MICHELLE R. LAMBERT, NY # 4666657
     Assistant United States Attorney
     United States Attorney's Office
     1201 Pacific Avenue, Suite 700
     Tacoma, Washington 98402
     Phone:  253-428-3824
     Email:  michelle.lambert@usdoj.gov

     *Attorneys for Defendants*

## ORDER

**IT IS SO ORDERED**.

Dated this <u>24</u>th day of November 2020.

     _____
     JAMES L. ROBART
     United States District Judge